**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 30 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RUILI YAO,

        Petitioner,

  v.

JEFFERSON B. SESSIONS III, Attorney
General,

        Respondent.

No.   15-70923

Agency No. A205-748-542

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 26, 2018[**]
San Francisco, California

Before:  THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

Ruili Yao, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals's order affirming without opinion an immigration

judge's ("IJ's") decision denying her application for asylum, withholding of

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review the agency's factual findings for substantial evidence, applying the standards created by the REAL ID Act. *Ren v. Holder*, 648 F.3d 1079, 1084–85 (9th Cir. 2011). We grant the petition for review and remand.

Substantial evidence does not support the IJ's adverse credibility determination. Yao provided a reasonable explanation for her selection of a larger travel agency instead of her friend's smaller agency: she plausibly believed that a bigger agency could provide greater security and a higher chance of success. The IJ's belief that her friend's agency would have been a better option is "pure speculation." *Ren*, 648 F.3d at 1087 n.5.

Yao was not inconsistent when she described the extent of her father's involvement in her decision. First her father helped her look through newspaper advertisements; then Yao selected the agency, placed a phone call, and attended her first appointment alone; later she and her father went to the agency together to pay the fee. Yao was also not inconsistent when she testified that she told the agency she wished to come to the United States as a student, but that the agency presumed that she might seek asylum because Yao also informed the agency of her arrest.

2

It was not implausible for Yao to fail to include the details of her medical treatment in her application for asylum. Yao included a declaration describing the police officer beating and kicking her to the point of unconsciousness and corroborated her testimony regarding her treatment with hospital records, which the IJ did not discuss. *Shrestha v. Holder*, 590 F.3d 1034, 1040 (9th Cir. 2010) (noting "the requirement that an IJ not cherry pick solely facts favoring an adverse credibility determination while ignoring facts that undermine that result").

Substantial evidence does support the IJ's determination that Yao's answers to questions regarding her mother's visits to the United States were not credible. Credibility determinations based on demeanor merit special deference. *Singh-Kaur v. I.N.S.*, 183 F.3d 1147, 1151 (9th Cir. 1999). The IJ "specifically and cogently" described the aspects of Yao's demeanor that undermined her credibility when answering questions about her mother's visits. *Arulampalam v. Ashcroft*, 353 F.3d 679, 686 (9th Cir. 2003). However, whether Yao's mother visited Yao one time or two times "is too trivial, under the total circumstances, alone to form the basis of the adverse credibility determination." *Shrestha*, 590 F.3d at 1046.

Overall, substantial evidence does not support the IJ's highly speculative conclusion that "once [Yao arrived] in the United States, she somehow saw some sort of advertisement or something about how easy it is to get asylum in the United

3

States by claiming [that] something happen[ed] to someone on [account] of their religion, and decided to leave school and pursue that route of staying in the United States instead."

We remand Yao's asylum, withholding of removal, and CAT claims to the agency, on an open record, for further proceedings consistent with this disposition.

**PETITION FOR REVIEW GRANTED; REMANDED.**[1]

---

[1] The Motion To Withdraw Motion To Hold Proceedings in Abeyance is granted. The Request To Have The Office of Immigration Litigation Review This Case for Prosecutorial Discretion is denied as moot.